# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERTHA VAZQUEZ FAJARDO, et al., | CASE NO. 16cv2980-LAB (MDD) |
| Plaintiffs, | **ORDER GRANTING IN PART MOTION TO DISMISS; AND** |
| vs. | |
| UNITED STATES DEPARTMENT OF STATE, et al., | **ORDER REQUIRING PARTIES' RESPONSE** |
| Defendants. | |

Plaintiffs Bertha Vazquez Fajardo and her daughter Blanca Uriostegui brought claims against the U.S. Department of State and the Bureau of Diplomatic Security (collectively, the "Agencies"), and against their agent Marco Rico. The complaint does not name the United States as a Defendant. Plaintiffs allege that while on duty, Rico sexually harassed, assaulted, and battered Fajardo while Uriostegui, hidden in a closet, watched. They bring claims for deprivation of their rights under federal law, as well as common law and state statutory torts.

The Agencies moved to dismiss and to strike certain claims, and Rico moved to dismiss both for failure to state a claim and for insufficient service. Although the complaint alleges that Rico was acting within the scope of his employment at the time of the incidents in question, the Attorney General has neither certified this nor refused to certify it, nor has

Rico petitioned the Court to make this certification.[1] So the United States has not been substituted in as Defendant as provided under 28 U.S.C. § 2679(d)(1) or (3).

At this time, the only Defendants are the Agencies and Rico. If the certification is made, Rico will be immune,[2] the United States will be substituted in as Defendant, and the claims will proceed under the Federal Tort Claims Act (FTCA). Although the case is pled as an FTCA case and Plaintiffs allege they have complied with the FTCA's requirements, it is not yet an FTCA case, which is why the Agencies and Rico can be named as Defendants. If it were an FTCA case, the only permissible Defendant would be the United States itself. *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998); *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995).

**Legal Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Under this rule, the Court may dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). For example, the complaint may be dismissed where the running of the statute of limitations is apparent on the face of the complaint. *Hyunh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006).

While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

/ / /

/ / /

---

[1] The only time limit for this certification is that it must be made before trial. *See Sullivan v. United States*, 21 F.3d 198, 205–06 (7th Cir.1994), abrogated on other grounds, *Glade ex rel. Lundskow v. United States*, 692 F.3d 718, 723 (7th Cir.2012). *See also Strei v. Blaine,* 2013 WL 6243881 at *7 (D. Minn. Dec. 3, 2013) (holding that a motion to substitute under § 2679(d) may be brought at any time before trial.

[2] If Rico was acting within the scope of his employment, he would be immune. *See Osborn v. Haley*, 549 U.S. 225, 247 (2007).

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547).[3]

Fed. R. Civ. P. 12(f) permits the Court to strike from pleadings any redundant or immaterial matter. The function of a Rule 12(f) motion is to avoid wasting time litigating spurious issues. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

Fed. R. Civ. P. 12(b)(5) allows a defendant to move to dismiss for insufficient service of process. If a plaintiff has failed to timely serve a defendant and fails to show good cause for failure to serve, the Court can either dismiss the action without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m). The Court's discretion to do either one is broad. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (citing *Henderson v. United States*, 517 U.S. 654, 661 (1996)).

The Court is required, *sua sponte* if necessary, to raise and address jurisdictional issues. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 278 (1977). Before filing suit, a plaintiff must file an administrative claim. 28 U.S.C. § 2675(a); *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000). This is a jurisdictional requirement and must be strictly complied with. *Id*.

**The Agencies' Motion**

Although the complaint purports to sue the Agencies under 42 U.S.C. § 1983, federal agencies cannot be sued under this statute. Plaintiffs' opposition agrees these Defendants cannot be sued under § 1983, and has agreed to amend the complaint to dismiss the § 1983 claims against these Defendants.[4]

---

[3] Plaintiffs cite *Conley v. Gibson*, 355 U.S. 41 (1957) as giving the pleading standard, and suggest that the complaint should not be dismissed unless it appears beyond doubt that a plaintiff can prove "no set of facts" that would entitle her to relief. The Supreme Court has specifically rejected this standard. *Twombly*, 550 U.S. at 555. Even after *Twombly* and *Iqbal*, some decisions have confusingly used the "no set of facts" language. But in context, they are referring to dismissal of a claim (*i.e.*, dismissal without leave to amend). A complaint that fails to meet the pleading standard will ordinarily be dismissed with leave to amend, unless it is clear the complaint could not be saved by amendment. *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

[4] The federal counterpart of a § 1983 action is a *Bivens* action. But *Bivens* actions can only be brought against federal agents, not federal agencies. *See generally F.D.I.C. v. Meyer*, 510 U.S. 471 (1994) (holding that *Bivens* actions can only be brought against

Plaintiffs instead wish to sue the Agencies in tort under the FTCA, which operates as a limited waiver of the United States' sovereign immunity. A suit for damages against a federal agency is essentially a suit against the United States and is barred by sovereign immunity absent statutory consent. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1460 & n. 6 (9th Cir. 1985). This bar is jurisdictional. *United States v. Mitchell*, 455 U.S. 535, 538 (1980).

Plaintiffs cannot now sue the Agencies under the FTCA, because the required certification has not been made. And if it eventually happens, they will still not be proper Defendants, because the only proper defendant to a FTCA claim is the United States itself. *See, e.g., Bishop v. Mazda Motor of Am., Inc.,* 2012 WL 5383293, at *3 (N.D. Cal. Nov. 1, 2012) (citing 28 U.S.C. § 2679(a)) ("The United States is the only proper defendant in FTCA claims; agencies . . . cannot be named as defendants.")

Because all claims against the Agencies will be dismissed, the motion to strike is moot as to them. And as to the United States, it is unripe because the United States has not yet been added as a Defendant.

**Rico's Motion**

Rico argues that he has not been properly served as required under Fed. R. Civ. P. 4(i), and that the claims are barred by the statute of limitations.

The motion points out that had failed to timely serve Rico. Although they had served Rico personally and had served the local United States Attorney, they had not served the Attorney General within the time limit. In their opposition, Plaintiffs point out that they did serve the Attorney General, though they did so after the time limit for service, and offer an explanation for the delay. Service of process after filing suit is not jurisdictional. *See Henderson v. United States*, 517 U.S. 654, 565 (1996). The Court has discretion to extend the time limit for service, *see Mann v. American Airlines*, 324 F.3d 1088 (9th Cir. 2003), and exercises its discretion to do so in this case.

Rico's motion points out that the statute of limitations for the tort claims is two years, and that the claims accrued no later than November 10, 2014. Because Plaintiffs filed suit

---

individuals, not agencies).

on December 8, 2016 and have not pled facts to support tolling, Rico argues their claim is untimely and must be dismissed.

Plaintiffs, however, allege they filed their administrative claim with the Department of State, and that its receipt was confirmed on March 2, 2016. They allege that the complaint was never responded to and no decision ever rendered.

The parties are arguing about two different limitations periods. Plaintiffs are referring to 28 U.S.C. § 2401(b)'s two-year limitations period to submit an administrative claim. After the administrative claim is denied (or after six months pass with no decision, *see* § 2675(a)), a plaintiff must file suit within six months or it will be forever barred. Rico, however, is referring to the statute of limitations for tort claims under California law.

The conflict between the parties' differing interpretations arises from the confusing way in which the claims are pled. The complaint mentions the FTCA and alleges both that Rico was acting in the scope of his employment, and that he acted under color of federal law. But the United States is not one of the Defendants, and as noted, Rico is immune for actions taken in the scope of his employment.

As pled, the complaint could be construed in several ways, some of which would lead to dismissal for lack of jurisdiction or because of Rico's immunity, or because the claims are time-barred. At least one construction, however, would not necessarily lead to dismissal. If Plaintiffs' claims for deprivation of rights are construed as *Bivens* claims, the Court may be able to exercise supplemental jurisdiction over their state-law tort claims.[5] These claims might still be time-barred, although Plaintiffs may be able to establish equitable tolling based on their reasonable understanding that the claims were FTCA claims, and their efforts to comply with the FTCA's administrative exhaustion requirements.

The posture of the case could change entirely if the Attorney General were to certify that Rico was acting within the scope of his employment, or if Rico were to ask the court to make the determination. *See* § 2679(d)(1) or (3).

---

[5] This would apply to claims against Rico only; it could not salvage claims against the Agencies. *See generally Meyer*, 510 U.S. 471.

Because it is not completely clear that Plaintiffs' claims are time-barred, the motion to dismiss is **DENIED WITHOUT PREJUDICE**.

**Conclusion and Order; Response Required**

The Agencies' motion to dismiss (Docket no. 8) is **GRANTED IN PART**. Claims against the Agencies are **DISMISSED WITHOUT LEAVE TO AMEND**, but the request to strike is **DENIED WITHOUT PREJUDICE**. Rico's motion to dismiss (Docket no. 11) is **DENIED WITHOUT PREJUDICE**.

As the case stands now, the Court is unable to confirm its jurisdiction. **By February 13, 2018**, Counsel for the United States are **ORDERED** to file a notice stating whether the United States is providing or will provide Rico with a defense in this case, and whether the Attorney General intends to certify or to refuse to certify that Rico was acting within the scope of his employment. **By the same date**, Rico must file a notice stating whether he will petition the Court to make this determination in the event the Attorney General refuses the certification. **By February 28, 2018**, Plaintiffs shall file an amended complaint omitting the Agencies as Defendants. The amended complaint should make other changes as appropriate after reviewing the United States' and Rico's filings.

If the parties need more time to comply with this order, they should request it by *ex parte* motion and must show good cause for the request.

**IT IS SO ORDERED**.

DATED: January 22, 2018

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge