# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERTHA VAZQUEZ FAJARDO, et al., <br><br> Plaintiffs, <br> vs. <br> UNITED STATES OF AMERICA, <br><br> Defendant. | CASE NO. 16cv2980-LAB (MDD) <br><br> **ORDER CERTIFYING ISSUE FOR INTERLOCUTORY APPEAL** |

After the U.S. Attorney General refused to certify that Agent Marco Rico was acting within the scope of his employment, so as to bring the claims in this case within the Federal Tort Claims Act (FTCA), Rico filed a petition for certification under 28 U.S.C. § 2679(d)(3). After receiving briefing and holding a hearing, the Court granted the motion and substituted the United States in as the sole Defendant. As explained in the Court's order, certification would have been denied but for the holding of *Xue Lu v. Powell*, 621 F.3d 944 (9th Cir. 2010), a split decision that construed California law concerning scope of employment. Lower California courts have criticized and rejected *Xue Lu*, but the California Supreme Court has not done so. *Xue Lu* is therefore binding on this Court, and in the Court's view there was no fair and reasonable way to distinguish it from this one.

That is not the end of the story, however. A Ninth Circuit panel could distinguish *Xue Lu* from this case. Or, the issue could be taken up by the court sitting en banc, and *Xue Lu*

modified or overruled. In either case, the posture of this case and the issues presented would be significantly different. As things stand now, the United States is the Defendant, which means it must defend itself and satisfy any judgment. On the other hand, if the case is properly against Rico individually, any judgment would be against him alone, and the jurisdictional analysis could be different. In addition, different substantive law would apply to a FTCA claim than would apply to an action against Rico individually. If this case proceeds as a FTCA claim but the certification is reversed on appeal, the claims will all have to be relitigated against a different Defendant, applying different substantive law.

Under 28 U.S.C. § 1292(b), the Court may certify a matter for interlocutory appeal if, "the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

In its order certifying that Rico was acting within the scope of his employment, the Court offered to certify this issue for interlocutory appeal if any party requested it. At the time, no party requested such a certification. A joint motion by the government and Plaintiffs then requested an extension of time for Plaintiffs to file an amended complaint. That joint motion also explained that the government could not request a certification of appeal without approval from the Solicitor General. It said the government intended to request authorization for an interlocutory appeal and, if that was granted, it would "promptly notify the parties and . . . seek a stay of these proceedings" in order to seek appellate review. In a later order, the Court noted this and said that if any party wished to renew the issue, they should do so "as soon as practical." (Docket no. 37 at 6:14–15.)

The government has now filed an *ex parte* motion to certify this issue for interlocutory appeal. Plaintiffs filed an opposition. Although the opposition says Plaintiffs oppose the motion, it gives no substantive reasons why the issue should not be certified for interlocutory appeal; instead, it focused on what Plaintiffs' counsel perceives as procedural violations. In Plaintiffs' counsel's view, the motion should have been filed as a noticed motion under Civil Local Rule 7.1.

The Court's orders and the joint motion contemplated a streamlined motion for certification. Plaintiffs' counsel has known for some time that the government might move to certify an interlocutory appeal, and has had plenty of time to formulate grounds for an opposition, if there were any. It cannot be said that the *ex parte* motion came as a surprise, and the joint motion implies that Plaintiffs' counsel is amenable to the government moving as quickly as possible to certify the issue for interlocutory appeal. The affidavit of Assistant U.S. Attorney Glen Dorgan attached to the motion shows the government complied with Civil Local Rule 83.3(g)(2), which permits the filing of *ex parte* motions if opposing counsel have been given notice of them. In other words, the government did not violate any rules or orders of the Court by filing its motion *ex parte* instead of as a noticed motion with a 28-day briefing schedule.

Furthermore, it isn't clear why Plaintiffs have any reason to oppose an interlocutory appeal. Certification of the scope of employment is mainly a dispute between Rico and the government, and until now Plaintiffs have taken no position either way. Furthermore, Plaintiffs initially chose to bring claims against Rico, not against the government. In effect, Plaintiffs' counsel is reversing their own initial position.

The Court finds that its order certifying that Agent Rico was acting within the scope of his employment when he engaged in the actions that form the basis for Plaintiffs' claims against him satisfies the conditions of 28 U.S.C. § 1292(b). Specifically, that order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. The government's request for an order of certification is therefore **GRANTED**. As provided under § 1292(b), the government may apply to the Ninth Circuit within ten days after the entry of this order in the docket.

The government's request for a stay is **GRANTED**, and this case is **STAYED** until further notice. If the government does not make timely application to the Ninth Circuit, or if the Ninth Circuit denies the application, the government shall immediately file a notice so stating. If the Ninth Circuit permits the appeal to be taken, the government must file a notice

in the docket so stating, and must also file a notice when the appeal is finally decided. Until the stay is lifted, briefing on the government's motion to dismiss (Docket no. 43) is **SUSPENDED**. The government's request of an extension of time to respond to the amended complaint is **DENIED AS MOOT**.

If the Ninth Circuit permits the appeal to be taken, the Court will likely deny without prejudice the government's newly-filed motion to dismiss (Docket no. 43), pending the outcome of the appeal.

**IT IS SO ORDERED**.

DATED: July 27, 2018

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge