# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERTHA VAZQUEZ FAJARDO, et al.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE, et al.,<br><br>Defendant. | Case No.: 16cv2980-LAB (MDD)<br><br>**ORDER REQUIRING COUNSEL TO REFRAIN FROM EX PARTE COMMUNICATION AND MISUSE OF EMAIL ADDRESS** |

It has come to the Court's attention that Plaintiff's counsel has been phoning chambers without opposing counsel on the line, suggesting that the stay should be lifted and asking what he should do to effect this. Chambers staff properly declined to offer an explanation or answer, or to predict what action the Court might take or when.

Attorneys are reminded to refrain from requesting legal advice from Court staff, and to refrain from attempting to engage in *ex parte* communications. Calling chambers staff to ask how to have a stay lifted amounts to asking for legal advice. It is particularly inappropriate here, where the matter is disputed and where other counsel or litigants are not participating in the call, or likely even aware of it.

1

Today, after chambers staff correctly declined to answer Plaintiff's counsel's questions, he emailed this Chambers and Magistrate Judge Dembin's chambers using the email addresses reserved for lodging proposed orders for electronically-filed motions. His email includes a request that the stay be lifted, and gives his reasons for thinking the stay should be lifted. Opposing counsel were copied on the email, and one filed a response addressing his points.

Under Civil Local Rule 5.4(a), motions are to be electronically filed in the docket. Under Rule 5.4(f), counsel are required to follow this District's and Electronic Case Filing Administrative Policies and Procedures Manual when filing documents electronically. The Manual forbids registered users from using the e-filing email addresses to communicate with the Court, except in circumstances not present here. *See* Manual, § 2(h). ("**These e-mail addresses are not to be utilized to communicate with the Court unless otherwise permitted or when communications are solicited by the Court**.") (emphasis in original). Unsolicited and unexpected emails are discourteous to the Court, and unlikely to be effective.

Besides violating these rules, attempting to file and brief motions via email amounts to litigating in secret, with no good cause shown and without the Court's leave. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006). The Court will not consider or act on the emailed requests or briefing. The proper vehicle for requesting that the stay be lifted, or for opposing its being lifted, is a publicly filed and noticed motion. Chambers efile email addresses are to be used only for authorized purposes. Conduct in derogation of this rule is sanctionable.

As counsel are aware, the Court certified for interlocutory appeal the issue of Agent Rico's scope of employment, and stayed the case until further notice to allow for resolution of the issue. The Ninth Circuit accepted the issue for appeal, and the appeal is still pending. Although the panel issued a memorandum decision, it has not issued a mandate. Thus, jurisdiction over the issue appealed is still with

the Ninth Circuit, and not with this Court. *See Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985); *Sgaraglino v. State Farm Fire & Cas. Co.*, 896 F.2d 420, 421 (9th Cir.1990) (noting that appellate court's mandate returned jurisdiction to the district court). While the Court could, in theory, continue to adjudicate other matters, *see Marrese*, 470 U.S. at 379 (notice of appeal divests district court of jurisdiction over the issues appealed), the same reasons for staying the case and certifying the issue for appeal continue to apply in full force.

**IT IS SO ORDERED**.

Dated: January 10, 2020

*Larry A. Burns*
Hon. Larry Alan Burns
Chief United States District Judge